United States District Court
Southern District of Texas
ENTERED
September 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEN HARD, A.S., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05452 |
| | § | |
| HOLLYWOOD VAMPIRES TOURING, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court are Defendant Hollywood Vampires Touring, Inc.'s Motion to Dismiss (Doc. #14) and Plaintiff Sten Hard, A.S.'s Response (Doc. #17). Having considered the parties' arguments and the applicable legal authority, the Court grants the Motion to Dismiss.

## I. Background

This case arises from an entertainment contract dispute. Plaintiff Sten Hard, A.S. ("Plaintiff"), a concert promoter, organized a music festival to occur on July 20, 2023 in Slovakia (the "Festival"). Doc. #12 ¶ 8. Plaintiff invited Defendant Hollywood Vampires Touring, Inc. ("Hollywood Vampires")—a band made up of celebrities Alice Cooper ("Cooper"), Johnny Depp ("Depp"), and Joe Perry ("Perry")—to perform at the Festival. *Id.* According to Plaintiff, Hollywood Vampires "draws in large[,] enthusiastic audiences at high profit." *Id.* On May 23, 2023, "[i]n the interest of time, and before a written contract was signed," Plaintiff paid Hollywood Vampires €240,000 to "secure the appearance" of Cooper, Depp, and Perry. *Id.*

After paying Hollywood Vampires, Plaintiff continued to organize the Festival by "securing the venue, advertising the event, incurring labor and venue costs," and selling tickets to

fans. *Id.* On the day of the Festival, however, Hollywood Vampires cancelled their appearance, claiming the venue was "inadequate." *Id.* After Hollywood Vampires failed to appear, Plaintiff "made repeated written and verbal demands for return of the monies sent" to the band. *Id.* ¶ 9. Hollywood Vampire has refused to return payment to Plaintiff. *Id.* As a result, Plaintiff "lost money and looked unreliable" as a concert promoter in the entertainment industry. *Id.*

On June 13, 2025, Plaintiff filed suit in the 152nd Judicial District Court of Harris County, Texas, bringing causes of action against Cooper, Perry, Depp, and Hollywood Vampires for suit on sworn account, breach of contract, quantum meruit, promissory estoppel, and money had and received. Doc. #1, Ex. 5. On November 14, 2025, Cooper removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Doc. #1. On December 5, 2025, Plaintiff filed a Notice of Nonsuit, informing the Court it was dismissing Cooper, Depp, and Perry without prejudice. Doc. #10. The following week, on December 12, 2025, Plaintiff filed its First Amended Complaint (the "Amended Complaint"), the operative pleading in the case, adding Defendant Hollywood Vampires Touring (referred to in the Amended Complaint and hereinafter as "Hollywood Vampires Partnership") and alleging the same causes of action plead in its Original Petition. Doc. #12. Hollywood Vampires waived service on December 23, 2025. Doc. #13. On the other hand, Plaintiff never served Hollywood Vampires Partnership.[1] Then, on December 29, 2025, Hollywood Vampires moved to dismiss the Amended Complaint pursuant to Federal Rules

[1] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, Plaintiff filed its Amended Complaint on December 12, 2025, over 250 days ago. Accordingly, Plaintiff's claims against Hollywood Vampires Partnership are DISMISSED WITHOUT PREJUDICE.

of Civil Procedure 12(b)(2) and (12)(b)(6).[2] Doc. #14.

## II. Legal Standard

A claim against a defendant over whom the court lacks personal jurisdiction must be dismissed. Fed. R. Civ. P. 12(b)(2). When, as here, a court considers a Rule 12(b)(2) motion without a hearing, the plaintiff must make a prima facie showing of jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "On a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint are taken as true to the extent they are not contradicted by affidavits." *Wyatt v. Kaplan*, 686 F.2d 276, 283 n.13 (5th Cir. 1982). Courts must "resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

"Personal jurisdiction in federal court is governed by the law of the state in which the federal court sits. In Texas, courts evaluate personal jurisdiction over nonresident defendants through a two-step inquiry, ensuring compliance with the state's long-arm statute and the Due Process Clause of the Fourteenth Amendment." *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels.*, 1 F.4th 346, 351 (5th Cir. 2021). Given that the Texas long-arm statute "extends to the limits of federal due process," the "the two-step inquiry of assessing the long-arm statute and due process 'collapses into one federal due process analysis.'" *Id.* (quoting *Sangha v. Navig8 ShipMgmt. Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018)). Exercising personal jurisdiction over a nonresident defendant is proper under the Due Process Clause when "(1) that defendant has purposefully

[2] The Court does not consider the Rule 12(b)(6) arguments because it lacks jurisdiction over Hollywood Vampires. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980) (explaining that when "allegations do not survive [a] jurisdiction attack, then there is no jurisdiction to . . . entertain a Rule 12(b)(6) motion to dismiss").

availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (internal quotations and citation omitted).

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). Specific jurisdiction exists when the plaintiff's claim against the nonresident defendant arises out of or relates to activities that the defendant purposefully directed at the forum state. *Luv N' care*, 438 F.3d at 469. "In contrast, general jurisdiction requires the defendant to have maintained 'substantial, continuous, and systematic' contacts with the forum state." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)).

**III. Analysis**

Hollywood Vampires argues this case must be dismissed because Plaintiff fails to make out a prima facie showing of personal jurisdiction. Doc. #14 at 5; *Johnston*, 523 F.3d at 609. Plaintiff does not contend that the Court has general jurisdiction over Hollywood Vampires. Thus, the Court need only determine whether it has specifical jurisdiction. In determining whether specific personal jurisdiction exists, the Court considers:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Vanderbilt Mortg. & Fin., Inc. v. Flores*, 692 F.3d 358, 375 (5th Cir. 2012) (quoting *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). Here, Hollywood Vampires argues the

Court lacks specific jurisdiction because "[n]othing about Plaintiff's allegations arise from any contact that Hollywood Vampires . . . has with Texas." Doc. #14 at 7. The Court agrees. Plaintiff is a Slovakian business entity. Doc. #12 ¶ 1. Hollywood Vampires is a Delaware corporation with its principal place of business in California. *Id.* ¶ 3; Doc. #14, Ex. 1 at 1. The payment at issue relates to the Festival in Slovakia. *Id.* ¶ 8. Indeed, no allegation in the Amended Complaint so much as mentions Texas.

In response, Plaintiff asserts that it pleads specific facts that establish Hollywood Vampires has minimum contacts with Texas. Doc. #17 at 7. For example, Plaintiff contends that the Court has jurisdiction over Cooper because he made concert appearances in Texas in 2025. *Id.* Similarly, Plaintiff suggests the Court can exercise jurisdiction over Depp because *What's Eating Gilbert Grape* was filmed in Texas. *Id.* Indeed, in Plaintiff's view, it "defies the imagination" that well-traveled celebrities such as Cooper, Depp, and Perry would *not* have minimum contacts with Texas. *Id.*

Plaintiff's argument fails for several reasons. First and foremost, Plaintiff nonsuited Cooper, Depp, and Perry, and does not name them as parties in the Amended Complaint. Doc. #10; Doc. #12. The appropriate jurisdictional inquiry, then, is not whether those nonparties individually directed their activities to Texas but whether Hollywood Vampires did so.[3] *See Bristol-Myers Squibb Co. v. Superior Ct. of Calif.*, 582 U.S. 255, 264 (2017) (explaining that "general connections with the forum are not enough" to establish specific jurisdiction). Second, Plaintiff's purported "forum-related contacts"—such as the filming location of *What's Eating Gilbert Grape* —have nothing to do with its causes of action in this case. *See Curry v. Williams*, 49 F.3d 728,

[3] To this point, Hollywood Vampires attests it "has never performed, appeared, rehearsed, recorded, held meetings, or conducted any band-related business in Texas." Doc. #14, Ex. 1 at 1.

728 (5th Cir. 1995) (per curiam) (holding that a defendant's "random, fortuitous, or attenuated contacts with the forum state are insufficient" to establish specifical personal jurisdiction (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985))). Finally, where, as here, a defendant files "a properly supported motion to dismiss for lack of personal jurisdiction," the plaintiff "must submit evidentiary support" for jurisdictional allegations. *In re BP p.l.c. Sec. Litig.*, No. 4:12-cv-1837, 2013 WL 5520067, at *5 (S.D. Tex. Sept. 30, 2013) (citing *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)). Plaintiff provides no "evidentiary support" to show Hollywood Vampires has minimum contacts with Texas. *Id.*; Doc. #17. Thus, Plaintiff falls far short of making out a prima facie case that this Court has specific personal jurisdiction over Hollywood Vampires.

## IV. Conclusion

For the foregoing reasons, the Court does not have personal jurisdiction over Defendant Hollywood Vampires Touring, Inc. Accordingly, the Motion to Dismiss (Doc. #14) is GRANTED and Plaintiffs' claims against Hollywood Vampires Touring, Inc. are hereby DISMISSED WITHOUT PREJUDICE. Furthermore, Plaintiff's claims against Defendant Hollywood Vampires Touring are DISMISSED WITHOUT PREJUDICE for failure to serve. Fed. R. Civ. P. 4(m). The Court will enter a separate final judgment.

It is so ORDERED.

SEP 1 1 2026
Date

The Honorable Alfred H. Bennett
United States District Judge